**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-1279-WJM-NRN

LIOR MASA,
GALIT MASA, individually, and as personal representative of N.M., a minor, and
KESEM MASA,

    Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

**ORDER ADOPTING MAY 10, 2021 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the May 10, 2021 Report and Recommendation of United States Magistrate Judge N. Reid Neureiter (the "Recommendation") (ECF No. 51) that the Court deny Lior Masa's, Galit Masa's, and Kesem Masa's (collectively, "Plaintiffs") Motion to Amend Complaint to Add Claims for Bad Faith Breach of Contract ("Motion") (ECF No. 46). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Plaintiffs filed an Objection to the Recommendation on May 24, 2021. (ECF No. 57.) Defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed a Response to the Objection on June 7, 2021 (ECF No. 62). For the reasons set forth below, the Recommendation is adopted in its entirety and Plaintiffs' Objection is overruled.

## I. RULE 72(b) STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.* at 1059.  In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate."  *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

## II. BACKGROUND AND PROCEDURAL HISTORY

This matter arises from a motor vehicle collision that occurred on January 7, 2017.  Plaintiffs allege that they sustained injuries and received treatment as a result of the accident.  (ECF No. 7.)  Plaintiffs were insured by State Farm, and Plaintiffs allege in their complaint that State Farm "failed and/or refused to pay reasonable covered benefits" to which Plaintiffs were contractually entitled.  (*Id.* at 45.)  The Complaint

2

includes only a breach of contract claim; there is no allegation of bad faith in the Complaint.  (*Id.*)

On July 29, 2020, Judge Neureiter issued the Scheduling Order, which set the deadline for amendment of pleadings for September 14, 2020.  (ECF No. 25 at 9.)  The parties exchanged Rule 26 disclosures on July 31, 2020.  (ECF No. 48 at 4.)  On April 23, 2021, seven months after the deadline for amendment of pleadings had passed and six days before the Final Pretrial Conference, Plaintiffs filed the Motion.  (ECF No. 46.)  Plaintiffs asked for leave to amend their Complaint to add claims for bad faith breach of contract.  Plaintiffs claim to have only become aware of the conclusions of independent medical exams ("IME") of three of the plaintiffs in March 2021, when State Farm produced expert disclosures.  (*Id.* at 3.)  Plaintiffs allege that the IME reports show that State Farm knew it owed benefits to Plaintiffs in December 2019.  (ECF No. 46-1 at 3.)  Based on this supposedly newly discovered information, Plaintiffs filed the Motion.  (ECF No. 46.)

But State Farm produced the IME reports in question in July 2020 as part of their Rule 12 initial disclosures.  (ECF No. 48-1.)  Plaintiffs' counsel acknowledges that she overlooked the IME reports.  (ECF No. 57 at 2.)  It was not until March 2021 (when State Farm disclosed the IME reports for a second time as part of their expert witness disclosures) that Plaintiffs' counsel noticed and recognized the significance of the IME reports.  (ECF No. 51 at 3.)

On May 10, 2021, Judge Neureiter recommended that Plaintiffs' Motion be denied.  Plaintiffs filed an Objection to the Recommendation on May 24, 2021.  (ECF No. 57.)

### III. LEGAL STANDARD

Courts apply a two-step analysis to determine whether to allow amendment to the pleadings after the passing of the deadline established by the scheduling order. First, the Court considers whether the moving party has shown good cause under Federal Rule of Civil Procedure 16(b) to seek modification of the scheduling order. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.*, 771 F.3d 1230, 1242 (10th Cir. 2014). Second, the Court weighs whether amendment should be allowed under Federal Rule of Civil Procedure 15(a). *Id.*

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." This standard requires the movant to show that "the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Id.* at 1240 (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). The burden may be satisfied, for example, when the movant learns new information through discovery or if the underlying law has changed. *Id.* However, Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. *Colo. Visionary Acad. v. Medronic, Inc.*, 194 F.R.D., 684, 687 (D. Colo. 2000).

Rule 15 states that if the deadline for amending a pleading has passed, then "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The grant or denial of an opportunity to amend is within the discretion of the Court, but outright refusal to grant the leave without any justifying reason appearing

4

for the denial is not an exercise of discretion; it is merely abuse of that discretion." *Maloney v. City of Pueblo*, 323 F.R.D. 358, 360 (D. Colo. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

## IV. ANALYSIS

Judge Neureiter recommended that Plaintiffs' Motion be denied for two reasons.  First, he explained that the Rule 16(b) "good cause" standard focuses on the diligence of the party seeking leave to modify the scheduling order and amend their complaint.  (ECF No. 51 at 4.)  He found that Plaintiffs were not diligent because they did not review State Farm's Rule 26 disclosures, which contained the alleged evidence of State Farm's alleged bad faith.  (ECF No. 51 at 5.)  Judge Neureiter reasoned that "[a]t a minimum, diligence means reviewing materials disclosed initially by the other side in a case." (*Id.*)

Second, Judge Neureiter found that Plaintiffs had unduly delayed in seeking to amend their Complaint.  He reasoned that granting the Motion would prejudice Defendant because adding bad faith claims would dramatically change the complexion of the case, dramatically increase the financial stakes, and likely require expanded fact and expert discovery.  (*Id.* at 5–6.)  Thus, Judge Neureiter recommended that Plaintiffs' Motion be denied because Plaintiffs had not provided a legitimate justification for an untimely amendment which would cause such a dramatic shift in the nature of the lawsuit.  (*Id.*)

5

Plaintiffs raise two arguments in their Objection to the Recommendation. (ECF No. 57.) First, Plaintiffs argue that their Motion should be granted because it will "promote efficiency and non-duplication of costs," because if the Motion is denied Plaintiff will have to pursue their bad faith claims in a separate proceeding. Second, Plaintiffs argue that denying their Motion would be highly prejudicial to Plaintiffs because the doctrine of claim preclusion may prevent Plaintiffs from bringing their bad faith claims. Plaintiffs made both arguments for the first time in their Objection to the Recommendation. The Tenth Circuit has held that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

But even if Plaintiffs had not waived their arguments, the Court is not persuaded that their Motion should be granted. The Rule 16(b) analysis focuses on diligence rather than potential prejudice to the parties. *Colo. Visionary Acad.*, 194 F.R.D. at 687. State Farm served its Rule 12 disclosures six weeks before the deadline to amend the complaint. The Court finds that Plaintiffs had ample opportunity to review the IME reports and determine whether to amend their Complaint to add a bad faith claims. The Rule 16(b) "good cause" standard requires the movant to show that "the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Id.* at 1240 (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). Here, scheduling deadlines could have been met if Plaintiffs had timely reviewed State Farm's Rule 12 disclosures.

Plaintiffs also argue that their Motion is supported by good cause because the alleged bad faith is not solely confined to the initial denial based on the IME reports

6

disclosed in July 2020. (ECF No. 3.) The same doctor who produced the IME reports disclosed in July provided two additional reports to State Farm in January and March of 2021. (ECF No. 57 at 2.) These additional reports were only disclosed to Plaintiffs in March 2021, when State Farm produced expert disclosures. This argument is unpersuasive for at least two reasons.

First, Plaintiffs raise this theory of continued bad faith for the first time in their Objection to the Recommendation, and as a consequence they have waived this argument. *Marshall*, 75 F.3d at 1426. Second, Plaintiffs have failed to show that the additional reports contained information which made their bad faith claims possible for the first time. In fact, the "smoking gun" evidence for their potential bad faith claims was already in Plaintiffs' possession in July 2020, six weeks before the deadline to amend the Complaint. (ECF No. 51 at 5.) With normal diligence Plaintiffs could easily have reviewed the IME reports in State Farm's Rule 12 disclosures and made a timely amendment to their Complaint.

Accordingly, the Court finds that the Plaintiff has failed to show good cause to modify the scheduling order under Rule 16(b) to amend their Complaint to add a bad faith claims.[1]

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Report and Recommendation (ECF No. 51) is ADOPTED in its entirety; and
2. Plaintiffs' Objection (ECF No. 57) is OVERRULED.

---

[1] Because Plaintiffs failed to meet the Rule 16(b) standard, it is unnecessary to undertake a Rule 15(a) analysis.

Dated this 8th day of November, 2021.

BY THE COURT:

William J. Martínez
United States District Judge