IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-1279-WJM-NRN

LIOR MASA, individually and as personal representative of N.M., a minor,
GALIT MASA, individually and as personal representative of N.M., a minor, and
KESEM MASA,

     Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

     Defendant.

---

### ORDER DENYING PLAINTIFFS' F.R.E. 702 *DAUBERT* MOTION TO STRIKE OR LIMIT THE TESTIMONY OF JEFFREY B. WHEELER, M.S., ET AL. OF VECTOR SCIENTIFIC, INC.

---

This lawsuit, which arises out of a motor vehicle accident which occurred on January 7, 2017, is before the Court on Plaintiffs Lior Masa, Galit Masa, and Kesem Masa's (collectively, "Plaintiffs") F.R.E. 702 *Daubert* Motion to Strike or Limit the Testimony of Jeffrey B. Wheeler, M.S., *et al.* of Vector Scientific, Inc. ("VSI") ("Motion").[1] (ECF No. 45.)  Defendant State Farm Mutual Automobile Insurance Company filed a response in opposition (ECF No. 54), to which Plaintiffs filed a reply (ECF No. 58).

Neither party requests an evidentiary hearing on the Motion (ECF No. 45 at 10,

---

[1] Plaintiffs also move to strike or limit the testimony of Wade A. Barker, M.S. and J. Michio Clark, Ph.D.  (ECF No. 45 at 1.)  These two individuals signed the VSI report, but their names do not otherwise appear in the report.  (ECF No. 45-1.)  Plaintiffs have misspelled one of the names—it appears on the report as Wade A. Baker, M.S.  (*Id.* at 28.)

Plaintiffs do not identify specific opinions of either Barker or Clark that they wish to limit. Thus, the Court considers the Motion in terms of Wheeler's opinions, as do the parties.

ECF No. 54 at 10), and the Court finds it does not need one to resolve the Motion.  For the following reasons, the Motion is denied.

## I. LEGAL STANDARDS

A district court must act as a "gatekeeper" in admitting or excluding expert testimony.  *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2005).  Expert opinion testimony is admissible if it is relevant and reliable.  *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589, 594–95 (1993).  The opinions are relevant if they would "assist the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702.  They are reliable if (1) the expert is qualified "by knowledge, skill, experience, training, or education," (2) his opinions are "based upon sufficient facts or data," and (3) they are "the product of reliable principles and methods."  *Id.*  The proponent of expert testimony has the burden to show that the testimony is admissible.  *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

Federal Rule of Evidence 401 provides that evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

Federal Rule of Evidence 402 provides that relevant evidence is admissible unless any of the following provides otherwise, including the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court.  Further, Rule 402 provides that irrelevant evidence is not admissible.

Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay,

wasting time, or needlessly presenting cumulative evidence."

## II. ANALYSIS

Defendant retained VSI to perform an accident reconstruction and biomechanical analysis of the motor vehicle collision involving Plaintiffs.  (ECF No. 54 at 1.)  Zachariah Weimer, M.S., P.E., of VSI performed the accident reconstruction[2] (ECF No. 45-1 at 2), and Jeffrey B. Wheeler, M.S., performed a biomechanical analysis and offered opinions regarding the forces involved in the accident, how those forces would have affected Plaintiffs' bodies, and whether Plaintiffs' claimed injuries are consistent with the type and direction of forces applied by the accident (ECF No. 45-1, ECF No. 54 at 2).

In the Motion, Plaintiffs request that the Court strike in their entirety the opinions of the VSI Occupant Dynamics and Injury Biomechanics Analysis, or alternatively, limit the testimony of Wheeler, Baker, and Clark.  (ECF No. 45 at 3.)  Although Plaintiffs' Argument section in the Motion is not very clear in structure or content, Plaintiffs mainly argue that: (1) Wheeler's opinions border on medical opinions and are outside of his biomechanical area of expertise (*id.* at 2); (2) Wheeler's opinions constitute "threshold of injury" arguments which the Colorado Court of Appeals held were properly excluded in *Schultz v. Wells*, 13 P.3d 846, 852 (Colo. App. 2000) (*id.* at 5–6); and (3) the studies and methodology Wheeler relied on in forming his opinions are not sufficiently reliable (*id.* at 3).

### A.     *Schultz* Does Not Render Wheeler's Opinions Inadmissible

The Court takes Plaintiffs' arguments slightly out of order and first addresses Plaintiffs' arguments regarding *Schultz*.  Plaintiffs' argument regarding the "threshold of

---

[2] Defendant notes that Plaintiffs do not seek to strike or limit Weimer's testimony.  (ECF No. 54 at 2 n.1.)

3

injury" issue is somewhat vague, but the crux of the argument appears to be the following: "Attempting to offer 'expert' opinions on how each individual will be hurt and what injuries they will sustain as a result of trauma is, at best, speculation and, at worst, misleading and dangerous." (ECF No. 45 at 3.) To support this position, Plaintiffs argue that in *Schultz*, the Colorado Court of Appeals held that the trial court properly excluded evidence of a threshold of injury under Colorado Rule of Evidence 702. (ECF No. 45 at 5.) Plaintiffs contend that under *Schultz*, biomechanical testimony should be excluded when an expert will testify that the forces from a low-speed accident are insufficient to cause certain injuries. (*Id.* at 5–6.)

However, the Tenth Circuit has rejected this very argument, stating:

> Mr. Adamscheck also cites *Schultz v. Wells*, 13 P.3d 846 (Colo. App. 2000), to argue Dr. Broker's testimony was inadmissible because biomechanical testimony should be excluded when used to explain the cause of a person's injuries. But *Schultz* does not stand for the broad conclusion that biomechanical evidence can never be used to determine whether a person was injured in a particular accident. The trial court in *Schultz* excluded evidence of the injury potential of low-speed accidents but did so because the tests relied upon by the expert were used to design cars, not to "assess[] a threshold of applied force for injury in rear-end car accident." *Id.* at 852. Thus, the holding in *Schultz* was based on the defects in the scientific methodology employed, *and therefore does not support the conclusion that biomechanical testimony is inadmissible whenever the expert plans to testify about the probability of injury in low-impact collisions*. Rather, the admission of such testimony is dependent upon the trial court's careful assessment of whether it is reliable and will be helpful to the jury.

*Adamscheck v. Am. Fam. Mut. Ins. Co.*, 818 F.3d 576, 589 n.8 (10th Cir. 2016) (emphasis added). Therefore, *Schultz* does not stand for the broad proposition that Plaintiffs suggest it does. Moreover, judges in the District of Colorado have rejected

4

arguments similar to that of Plaintiffs regarding *Schultz*'s applicability.  *See Seely v. Archuleta*, 2011 WL 3625073, at *6 (D. Colo. Aug. 17, 2011) ("Plaintiff's reliance on *Schultz v. Wells*, 13 P.3d 846 (Colo. App. 2000), is not compelling, primarily because it is not controlling."); *Searcy v. Hamburger*, 2004 WL 5503777, at *2 (D. Colo. Jan. 21, 2004) (finding that an expert opinion will not be inadmissible under *Schultz*, where the testimony would assist the trier of fact in understanding the defendant's theory of the case that the accident occurred as a result of a sideswipe impact and involved minimal forces).

In contrast with *Schultz*, Defendant underscores that Wheeler's opinions are based on numerous studies and papers that analyze the forces and occupant dynamics of humans, crash test dummies, and post-mortem human subjects, many of which involved rear-end accidents at similar speeds as the one at issue in this case.  (ECF No. 45-1 at 10, ECF No. 54 at 6–7.)  In addition, Wheeler's report states that numerous tests were conducted with human volunteers.  (ECF No. 45-1 at 10.)  Therefore, the Court finds that the reasons for which the Colorado Court of Appeals excluded the expert testimony in *Schultz* do not apply here, and concludes that Plaintiffs' arguments regarding *Schultz*'s applicability to the case at hand are without merit.[3]

## B. Wheeler's Opinions Are Reliable

First, the Court addresses Wheeler's qualifications to offer expert testimony. Plaintiffs do not directly challenge Wheeler's qualifications to provide expert opinions in his stated discipline of biomechanics.  (*See generally* ECF No. 45.)  Nonetheless,

---

[3] The Court also notes that other than *Schultz* and the cases cited in Plaintiffs' Legal Standard section for general principles of law, they cite no cases in support of their Motion. (*See* ECF Nos. 45, 58.)

Defendant explains Wheeler's qualifications to provide expert testimony in the field of biomechanics due to his knowledge, experience, training and education. (ECF No. 54 at 5–6.) Wheeler received a bachelor's degree in sports biomechanics from the University of Connecticut in 1987 and a master's degree in biomechanics from the University of California, Los Angeles in 1993. (ECF No. 45-2.) Defendant states that Wheeler has sufficient knowledge, experience, and training to provide biomechanical expert opinions because he has worked consistently in the field of biomechanics since at least 1987, has worked on grant funded research projects in that field, has published numerous articles and papers on the topic, and has frequently presented on various biomechanical subjects. (*Id.*) Additionally, Wheeler has been qualified and testified as a biomechanical expert in at least 150 jury trials in state and federal courts. (*Id.*)

Based on his *curriculum vitae*, Wheeler appears qualified to give opinions in the area of biomechanics. (ECF No. 45-2.) As explained above, he has extensive experience with respect to the forces applied to the body in car accidents and the impact those forces are likely to have on the human body. To the extent Plaintiffs contend that the "medical records clearly disagree with" certain of Wheeler's opinions, (*see, e.g.*, ECF No. 45 at 8), the Court finds that these arguments to go the weight of his opinions, not their admissibility. Plaintiffs are free to attempt to challenge such opinions through cross examination at trial. The Court finds that Wheeler is qualified to offer opinions in the field of biomechanics.

To the extent Plaintiffs assert that Wheeler intends to offer opinions that "border on medical opinions and that fall outside the scope of a biomechanical engineer's expertise," the Court finds a District of Wyoming case particularly instructive. In *Finn v.*

6

*BNSF Railway Company*, the court addressed the identical issue regarding a challenged biomechanics expert, stating that "[t]he sole issue regarding Dr. Broker is whether [he] has exceeded his expertise in biomechanics and will offer medical opinions or accident reconstruction opinions, which he is not qualified to render."  2013 WL 462057, *2 (D. Wyo. Feb. 6, 2013).  To begin, the *Finn* court offered a definition of biomechanics: "the science concerned with the action of forces, internal and external, on the living body."  *Id.* (citing STEDMAN'S MEDICAL DICTIONARY (25th Ed., 1989)).  The court observed that "[b]iomechanical experts have extensive knowledge about how human bodies move when forces are applied to them and thus may provide testimony as to how vehicle occupants move and are impacted in vehicular accidents."  *Id.* (quotation marks and citations omitted).  Additionally,

> [b]iomechanical testimony can offer, distinct from medical opinions, testimony concerning the biomechanical forces and relationship between these forces and the medical opinions of the medical experts.  Such testimony is not to determine a party's medical condition, but rather, to determine whether a condition or conditions are consistent with the types of forces in an accident.

*Id.*

While concluding that the biomechanics expert, Dr. Broker, could offer reliable testimony under *Daubert*, the *Finn* court carefully parsed the topics on which Dr. Broker could and could not opine.  The court reasoned that Dr. Broker used the medical opinions of treating medical doctors as a foundation for his biomechanical analysis of the accident.  *Id.* at *3.  Thus, the court determined that Dr. Broker could testify "concerning the biomechanical forces involved in this accident and the relationship between those forces and medical conditions diagnosed by [the plaintiff's] treating

7

doctors." *Id.* Specifically, the court found that Dr. Broker was "not making a diagnosis or rendering a medical opinion" and stated that "he shall not do this as it is not where his qualifications lie." *Id.* The court was careful to note that Dr. Broker could not express any opinions regarding whether the plaintiff suffered a particular injury or as to the probable cause of any alleged injury. *Id.* Those issues were "reserved for medical doctors, or in the case of Dr. Broker, the previously stated opinions of treating physicians that he has incorporated into his analysis." *Id.*

The Court finds the reasoning in *Finn* highly persuasive and will adopt it here. Overall, the Court agrees with Defendant that, as stated in Wheeler's report, the purpose of Wheeler's report and testimony "is to present an occupant dynamics and injury biomechanics analysis related to [Plaintiffs]. The analysis was conducted using established and accepted methods of forensic biomechanics." (ECF No. 45-1 at 1.) Indeed, Wheeler never purports to be trained as a medical doctor or to provide an opinion as a medical expert. And, as in *Finn*, Wheeler has used (among other things) the medical records of all of the Plaintiffs, as well as various expert reports and files prepared by medical doctors, in preparing his biomechanical analysis of the accident. (ECF No. 45-1 at 29.)

However, to be perfectly clear for trial purposes, the Court will only permit Wheeler to testify concerning the biomechanical forces involved in this accident and the relationship between those forces and medical conditions diagnosed by Plaintiffs' treating doctors. As in *Finn*, the Court finds that Wheeler is not making a diagnosis or rendering a medical opinion, and he shall not be permitted to do this as it is not where his qualifications lie.

Next, the Court addresses whether Wheeler's opinions are based on sufficient facts and data and are the product of reliable principles and methods.  The Court observes that Wheeler's report contains 110 citations to literature, studies, journal articles, and other sources of information on which he relied in forming his opinions.  (ECF No. 45-1.)  Further, the Court finds Plaintiffs' arguments that his opinions are unreliable because "none of the test subjects in any study set forth by Vector had the precise set of physical conditions of the Masa family" and "that the studies used are thus inconsistent with the family involved in this collision" are without merit.  (ECF No. 45 at 7.)  As Defendant appropriately points out, Plaintiffs' unsupported arguments would lead to the absurd conclusion that all studies relied on by experts must precisely mirror the circumstances of the case at hand.  (ECF No. 54 at 7.)  This surely cannot be the result called for here under Rule 702.  Moreover, and once again, any differences between Plaintiffs and the studies cited in the VSI report go to the weight, rather than the admissibility, of such opinions and will be subject to cross examination.

Given the foregoing, the Court finds that Wheeler's report is based on reliable data and methodology, and that any perceived inadequacies may be challenged through cross examination.  While the Court finds that Wheeler is not making a diagnosis or rendering a medical opinion, the Court will nonetheless caution Defendant to limit Wheeler's testimony to the biomechanical forces involved in this accident, and the relationship between those forces and the medical conditions diagnosed by Plaintiffs' doctors.  He may **not** render any opinions that are medical in nature.

**C.     Wheeler's Opinions Are Relevant**

Plaintiffs argue that Wheeler's opinions regarding "threshold of injury" will be "misleading and dangerous" to the jury.  (ECF No. 45 at 3.)  Additionally, Plaintiffs argue

that Defendant's medical examiner will rely on Wheeler's report and potentially alter medical opinions based upon misleading and unreliable biomechanical analysis. (*Id.*)

In response, Defendant reiterates that Wheeler's opinions are based on reliable principles and methods in the field of biomechanics. (ECF No. 54 at 10.) Specifically, his testimony regarding the forces from the accident and the types of injuries typically seen from those forces will be limited to biomechanical opinions. (*Id.*) Defendant confirms that Wheeler "will not be qualified as a doctor and he is not testifying as a medical professional," and therefore, "it is unlikely any jury would be confused or misled into thinking Mr. Wheeler is offering medical testimony." (*Id.*) Defendant states that the terminology Wheeler uses is distinct from that used by medical doctors and the approaches used by each in reaching their opinions are "vastly different." (*Id.*)

As explained above in connection with *Finn*, other courts within this Circuit have found the testimony of biomechanical experts potentially relevant and helpful. *See Finn*, 2013 WL 462057, at *2 (denying motion to exclude testimony of biomechanical engineer expert); *see also Berry v. Transp. Distribution Co.*, 2013 WL 6271605, at *3 (N.D. Okla. Dec. 4, 2013) (biomechanics expert's "testimony goes beyond the common sense experience of a layperson"); *Belisle v. BNSF Ry. Co.*, 697 F. Supp. 2d 1233, 1247 (D. Kan. 2010) ("the manner of how the body may turn and distance it may be thrown based on weights and angles of being struck are not necessarily common sense conclusions"). Here, the Court finds that the subject of Wheeler's testimony is not one within the common experience of a layperson. His opinions regarding the vehicle impact are based on the application of biomechanical principles to show what happens to a human body inside of a vehicle when struck. Accordingly, the Court finds that Wheeler's

testimony goes beyond the common experience of a layperson, and his testimony will potentially aid the jury in reaching its conclusions. Therefore, the Court finds that Wheeler's testimony and report are sufficiently relevant to this case.

### D.     Plaintiffs' Challenges to Specific Opinions

Finally, the Court has reviewed Plaintiffs' challenges to the specific opinions from Wheeler's report. Plaintiffs' challenges are mostly conclusory and fail to cite any authority in support. "A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point.'" *Phillips v. Calhoun*, 956 F.2d 949, 953–54 (10th Cir. 1992) (quoting *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990)); *see also United States v. Hunter*, 739 F.3d 492, 495 (10th Cir. 2013) (cursory argument not meaningfully developed by any analysis or citation is deemed waived).

Despite the foregoing, the Court has reviewed Plaintiffs' challenges to the specific opinions and Defendant's responses to each of Plaintiffs' arguments. (ECF No. 45 at 7–10, ECF No. 54 at 8–10.) Upon due consideration, the Court finds that Plaintiffs' challenges to these opinions go to their weight, rather than their admissibility, and are therefore not a basis to exclude Wheeler's expert opinions.

### III. CONCLUSION

For the foregoing reasons, the Court ORDERS that Plaintiffs Lior Masa, Galit Masa, and Kesem Masa's F.R.E. 702 *Daubert* Motion to Strike or Limit the Testimony of Jeffrey B. Wheeler, M.S., et al. of Vector Scientific, Inc. (ECF No. 45) is DENIED.

Case 1:20-cv-01279-WJM-NRN   Document 76   Filed 12/15/21   USDC Colorado   Page 12 of 12

Dated this 15th day of December, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge