**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-1279-WJM-NRN

LIOR MASA, individually and as personal representative of N.M., a minor,
GALIT MASA, individually and as personal representative of N.M., a minor, and
KESEM MASA,

    Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

## ORDER ON DEFENDANT'S MOTIONS TO STRIKE

---

Before the Court are the following motions:

- Defendant State Farm Mutual Automobile Insurance Company's ("Defendant") Motion to Strike Non-Retained Expert Testimony of Plaintiff N.M. Outside the Scope of Treatment And Not Properly Disclosed Pursuant to Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 37(c)(1) (ECF No. 59), which is fully briefed (ECF Nos. 69, 72);

- Defendant's Motion to Strike Non-Retained Expert Testimony of Plaintiff Galit Masa Outside the Scope of Treatment And Not Properly Disclosed Pursuant to Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 37(c)(1) (ECF No. 60), which is fully briefed (ECF Nos. 67, 70); and

- Defendant's Motion to Strike Non-Retained Expert Testimony of Plaintiff Kesem Masa Outside the Scope of Treatment And Not Properly Disclosed

Pursuant to Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 37(c)(1) (ECF No. 61), which is fully briefed (ECF Nos. 68, 71).[1]

For the following reasons, the Motions are granted to the extent stated below.

## I. LEGAL STANDARDS

### A.   Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 26 requires that expert disclosures "must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). "Ordinarily, physicians providing a party with medical treatment are designated as non-retained and, thus, are exempt from the report requirement," *Hermann v. Hartford Cas. Ins. Co.*, 2012 WL 5569769, at *3 (D. Colo. Nov. 15, 2012), because "[t]heir testimony is based upon their personal knowledge of the treatment of the patient and not information acquired from outside sources for the purpose of giving an opinion in anticipation of trial," *George v. Metro. Prop. & Cas. Ins. Co.*, 2020 WL 70424, at *1 (D. Colo. Jan. 2, 2020) (quoting *Trejo v. Franklin*, 2007 WL 2221433, at *1 (D. Colo. July 30, 2007)). "It is the substance of the expert's testimony, not the status of the expert, which will dictate whether a Rule 26(a)(2)(B) report will be required." *Id.* (quotations, alterations, and citations omitted).

"However, when a witness 'opines as to causation, prognosis, or future disability, the physician is going beyond what he saw and did and why he did it . . . and [is] giving

---

[1] The Court refers to these Motions to Strike collectively as "Motions." The Court also notes that it has intentionally written some of its citations to the CM/ECF docket out of order to correspond with the order of the Motions and briefs filed by the parties.

an opinion formed because there is a lawsuit.'" *Id.* (quoting *Hermann*, 2012 WL 5569769, at *3). When a treating physician will testify beyond his or her knowledge of the care he or she provided to the patient, the witness must file a written report that contains a complete statement of the witness's opinions, the facts and data supporting such opinions, the witness's qualifications, a list of all other cases in which the witness has testified as an expert in the past four years, and a disclosure of the compensation received by the expert. Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi).

In determining whether an expert disclosure has complied with Rule 26(a)(2)(B), "[t]he party moving to strike the witness bears the initial burden of showing that the disclosing party failed to produce a written report under Rule 26(a)(2)(B)." *Id.* (quoting *Davis v. GEO Grp.*, 2012 WL 882405, at *2 (D. Colo. Mar. 15, 2012)). Once the movant has met this burden, "[t]he burden then shifts to the disclosing party to demonstrate that the witness is not retained or specially employed and, thus, no report was required." *Id.* Because Defendant has met its initial burden of demonstrating that Plaintiffs did not produce Rule 26 written reports from any of the non-retained treating physicians listed in the Motions (the "Treating Physicians"), Plaintiffs must demonstrate that the Treating Physicians are not retained witnesses and, as a result, no reports were required.

**B.     Federal Rule of Civil Procedure 37**

Under Rule 37,

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

"This sanction is mandatory unless the non-disclosing party shows substantial justification or that the failure to disclose was harmless." *See Cook v. Rockwell Int'l*

3

*Corp.*, 233 F.R.D. 598, 600 (D. Colo. 2005).  However, striking an expert witness based on disclosure deficiencies is a drastic sanction that can cripple a party's case. *See Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (recognizing that "[t]he decision to exclude evidence is a drastic sanction"); *McAdoo v. ITT Educ. Servs., Inc.*, 2011 WL 2198568, at *2 (D. Colo. June 6, 2011) ("Without a finding of bad faith or gamesmanship . . . courts are loathe to invoke the strong medicine of precluding expert testimony." (quoting *McClain v. Metabolife Int'l, Inc.*, 193 F. Supp. 2d 1252, 1259 (N.D. Ala. 2003))).

In *Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Company*, 170 F.3d 985, 993 (10th Cir. 1999), the Tenth Circuit identified four factors for courts to consider in determining whether the failure to disclose information required under Rule 26 is substantially justified or harmless: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the non-disclosing party's bad faith or willfulness.

## II. ANALYSIS

### A.     Opinions Regarding Causation

In the Motions, Defendant points out that Plaintiffs' Rule 26 disclosures designated the Treating Physicians as non-retained experts.  (ECF No. 59 at 2; ECF No. 60 at 2; ECF No. 61 at 2.)  None of these medical providers disclosed an expert report under Rule 26(a)(2)B.  However, Plaintiffs' Rule 26(a)(2) disclosures state: "[t]he following medical treatment providers are expected to testify that Plaintiffs [*sic*] injuries for which they treated Plaintiff[s] were the direct and proximate result of the subject incident that occurred on January 7, 2017."  (ECF No. 59-1 at 1; ECF No. 60-1 at 1; ECF No. 61-1 at 1.)  Because Plaintiffs have only designated the Treating Physicians as

4

non-retained experts, their testimony is limited to the opinions given in their medical records formed during the course of treating Plaintiffs.  (ECF No. 59 at 2; ECF No. 60 at 3; ECF No. 61 at 3.)  Thus, because the medical records of these non-retained experts do not contain any opinions regarding the cause of Plaintiffs' injuries, Defendant seeks to exclude these providers from providing testimony regarding causation because they did not produce expert reports under Rule 26(a)(2).  (ECF No. 59 at 3; ECF No. 60 at 3; ECF No. 61 at 4.)

In response, Plaintiffs "disagree with Defendant's premise that non-treating physicians may not opine as to causation," arguing that it "is not a blanket rule and to the extent that the causation opinion is formed based on the medical knowledge of the physician, physical examination of the patient, and patient histories taken by the physician, such opinions are routinely admitted in federal courts."  (ECF No. 69 at 2; ECF No. 67 at 2; ECF No. 68 at 2.)  "Causation opinions formed as a result the treating physician's own treatment of the plaintiff, and relevant to the treatment that the physician provided, do not require an expert report."  *George*, 2020 WL 70424, at *6.

Plaintiffs do not dispute that their non-retained experts did not produce expert reports.  (*See generally* ECF Nos. 67, 68, 69.)  Instead, they argue that Defendant has not contested whether the Treating Physicians have the requisite medical knowledge, performed physical examinations, or took medical histories.  (ECF No. 69 at 3; ECF No. 67 at 3; ECF No. 68 at 3.)  Plaintiffs state that the medical providers "noted the car accident in their records, primarily as an onset date and it was noted in their histories and considered as part of their treatment of" Plaintiffs.  (ECF No. 69 at 3; ECF No. 67 at 3; ECF No. 68 at 3.)  Therefore, Plaintiffs contend that the Treating Physicians'

causation opinions are permitted under Rule 26(a)(2)(C).  (ECF No. 69 at 3; ECF No. 67 at 3; ECF No. 68 at 3.)  For support, Plaintiffs provide charts containing the medical providers' names and a list of exhibits containing their purported causation opinions.[2] (ECF No. 69 at 3; ECF No. 67 at 3–4; ECF No. 68 at 3–4.)

In their replies, Defendant explains that Plaintiffs have mischaracterized their arguments regarding non-retained experts and causation opinions.  (ECF No. 72 at 2–3; ECF No. 70 at 2; ECF No. 71 at 2.)  Defendant clarifies that it only argues that medical providers cannot testify to causation opinions if their medical records do not contain causation opinions.  (ECF No. 72 at 2; ECF No. 70 at 2; ECF No. 71 at 2–3.)  Additionally, Defendant argues that the medical records attached to Plaintiffs' responses do not contain causation opinions, but rather contain mere references to the car accident or notes that symptoms began after an accident.  (ECF No. 72 at 3; ECF No. 70 at 2; ECF No. 71 at 2.)  According to Defendant, such records do not constitute causation opinions.

The Court has reviewed the medical records attached to Plaintiffs' response briefs.  The Court finds instructive other opinions from this Circuit that have rejected causation testimony based on similar statements in medical records related to temporal proximity.  For example, in *Rhoads v. Hanco International*, 2003 WL 25685521, at *3 (D. Wyo. Jan. 24, 2003), the court observed that "the experts designated in this case . . .

---

[2] Several of Plaintiffs' citations in their exhibits are very general and do not clearly point the Court toward the portion of the medical record on the page cited.  (*See, e.g.*, ECF No. 67 at 4 ("exam and assessment").)  *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs.")  Moreover, in their response briefs, Plaintiffs merely cite the medical records but do not explain how these citations for each medical provider constitute causation opinions, apparently leaving the Court to discern the conclusion for itself.  *See United States v. Hunter*, 739 F.3d 492, 495 (10th Cir. 2013) (cursory argument not meaningfully developed by any analysis or citation is deemed waived).

have no accepted or reliable basis for their causation opinions other than the plaintiff's self-report, and a temporal relationship." The court noted that "such is not sufficient legal foundation for the opinions," and that "a temporal relationship cannot be the sole basis for a causation opinion where it is not based on scientific methodology." *Id.* (citing *In re Breast Implant Litigation*, 11 F. Supp. 2d 1217, 1232 (D. Colo. 1998); *Cuevas v. DuPont*, 956 F. Supp. 1306, 1307–09 (S.D. Miss. 1997) (excluding causation evidence based on the temporal relationship between exposure and medical problems)). Another court in this Circuit noted that a "patient may self-report about what caused the complained-of injury or problem, but allowing self-reports to determine causation testimony would eliminate the need for a medical expert in almost every case." *Munoz v. FCA US LLC*, 2020 WL 4500603, at *5 n.5 (D.N.M. Aug. 5, 2020) (noting that "a treating physician may testify to possible causes and nature of Plaintiff's injury so long as these opinions are derived from their personal treatment of Plaintiff" but ultimately concluding that "testimony regarding the motor vehicle accident as the cause of Plaintiff's injuries and conditions is improper as treating physician testimony").

      Upon review, the Court finds that rather than causation opinions, the medical records contain the medical providers' notes regarding Plaintiffs' subjective, self-reported history of illnesses, as well as numerous statements referencing the car accident, and noting that Plaintiffs' symptoms began after the car accident. The Court concludes these are not causation opinions. As Defendant points out, mere references to the car accident or an alleged onset date of symptoms does not amount to an opinion that the January 7, 2017 motor vehicle accident caused the alleged injuries. (*See, e.g.*, ECF No. 70 at 3.) The Court agrees with Defendant that there is a critical distinction

between correlation and causation. (*See id.* at 4.) Accordingly, the Court will grant Defendant's Motions to the extent that the testimony of the Treating Physicians listed in Plaintiffs' Rule 26 disclosures is limited to the opinions given in their medical records formed during the course of treating Plaintiffs.

Because the Court determines that the medical records of the Treating Physicians do not contain causation opinions, at trial, Plaintiffs will not be permitted to elicit opinions from them that Plaintiffs' injuries were caused by, and were a direct and proximate result of the motor vehicle collision. These non-retained experts' testimony will be limited to the observations, diagnoses, and opinions formed during their treatment of Plaintiffs.

**B.      Opinions Formed From Reviewing the Medical Records of Other Providers**

Defendant points out that Plaintiffs' Rule 26 disclosures do not specify which of the Treating Physicians have reviewed the records of other providers, what records were reviewed, when the records were reviewed, or who provided the outside records to them. (ECF No. 59-1; ECF No. 60-1; ECF No. 61-1.) If any of the Treating Physicians were provided the medical records of other providers to review for the benefit of forming any opinions, then the report requirements of Rule 26(a)(2)(B) would be triggered for those providers. Thus, Defendant contends that because Plaintiffs did not disclose reports for any treating medical providers, any opinions formed from reviewing the medical records of other providers should be stricken. (ECF No. 59 at 7; ECF No. 60 at 7; ECF No. 61 at 8.)

Plaintiffs do not substantively respond to Defendant's arguments, except as explained below in connection with Galit Masa. (*See generally* ECF Nos. 67, 68, 69.)

The *George* court addressed this precise situation, noting that to the extent that a

treating physician's causation opinions "rely (even in part) on the findings of other physicians, this trigger[s] the requirements of Rule 26(a)(2)(B) and would require an expert report." *George*, 2020 WL 70424, at *6 (alterations in original; quotation marks omitted; citation omitted). Accordingly, courts limit causation opinions to those causation opinions formed only through a physician's treatment of plaintiff. *See id.* Thus, if a physician relied on another physician's causation opinion to provide his own treatment, he may reference that fact, but he may not use that opportunity to expound on the causation opinions of other doctors. *See id.*

The Court finds *George* to be on point and will adopt its reasoning. In this case, if one of the Treating Physicians relied on another physician's causation opinion to provide his or her own treatment, he or she may reference that fact at trial, but he or she may not use that opportunity to expound on the causation opinions of other doctors.

The Court separately addresses this issue in connection with Galit Masa. In Defendant's Motion related to Galit Masa's non-retained experts, Defendant requests that the Court exclude any opinions that her Treating Physicians formed from reviewing the medical records of other providers. (ECF No. 60 at 7.) In Galit Masa's response, she states that only Drs. Xenos, Prusmack, and Melick reviewed records from other providers and did so as part of their course of treatment of Galit Masa. (ECF No. 67 at 5–6.) Thus, in its reply, Defendant states that it agrees that these doctors' review of records from other providers would be proper, but "reserves the right to challenge Mrs. Masa's providers' testimony at trial if they reviewed records of other providers outside the scope of their treatment of Mrs. Masa." (ECF No. 70 at 8.) Given the foregoing and in light of the parties' representations in the briefing, the Court finds that this issue is

9

now moot insofar as it relates to Drs. Xenos, Prusmack, and Melick's treatment of Galit Masa.

C.     **Dr. Prusmack's Rebuttal Expert Report**

Defendant notes that over four months after Plaintiffs' initial Rule 26 disclosures, on April 16, 2021, Kesem Masa disclosed her Rule 26(a)(2) rebuttal disclosure which identified only Chad Prusmack, M.D., as a retained expert.  (ECF No. 61 at 3; ECF No. 61-2; ECF No. 61-3.)  Defendant argues that Dr. Prusmack's report should be stricken because it is untimely and does not comply with Rule 26(a)(2)(B).  (ECF No. 61 at 3.)  At the very least, Defendant argues that Dr. Prusmack should not be permitted to offer opinions as to whether Kesem Masa's "medical care and treatment was billed at a reasonable amount" because his report did not contain any opinions regarding the reasonable amount of his bills.  (*Id.*)

In response, Kesem Masa argues that it is "unclear the prejudice that Defendant alleges [Dr. Prusmack's report] has, given that the report essentially agrees with Defendant's expert."  (ECF No. 68 at 4.)  Further, Kesem Masa argues that "[t]o the extent that the Court deems this report in [*sic*] an inappropriate rebuttal and orders it stricken, Plaintiffs argue that Defendant State Farm may not reference the report in any cross-examination of Dr. Prusmack noting his agreement with Dr. Fillmore."  (*Id.*)  Kesem Masa makes no further argument on this subject.

In its reply, Defendant observes that Kesem Masa did not address its arguments regarding Dr. Prusmack, does not argue that Dr. Prusmack's report is a proper "rebuttal," and does not explain how Dr. Prusmack's three-sentence report contains the basis and reasons for his opinions or all of the facts he considered in forming them.  *See* Fed. R. Civ. P. 26(a)(2)(B)(i)–(ii).  (ECF No. 71 at 6.)   As such, Defendant

10

maintains that Dr. Prusmack's rebuttal report should be stricken.  (*Id.*)

The Court has read Dr. Prusmack's report.  (ECF No. 61-3.)  The report—in its entirety—states the following:

> RE: Kesem Masa
>
> DOB: . . .
>
> To Whom It May Concern,
>
> I reviewed Dr Fillmore IME from 1.11.2021 and I agree with his opinion:
>
> "I do not believe that the low back injury is related to the motor vehicle collision including the radicular symptoms down her legs.  In summary, there is support for cervical spine injury which could include headaches, possible concussion upper back injury and possible TMJ and low back injury."

(*Id.*)  As Defendant points out, Dr. Prusmack's report does not contain the basis and reasons for his opinions or all of the facts he considered in forming them, as Rule 26 requires.  In fact, Dr. Prusmack's report contains *no* explanation whatsoever for his agreement with Dr. Fillmore's opinion.  On this basis, the Court finds that Dr. Prusmack's report fails to comply with Rule 26 and is thus stricken.

### D. Opinions Regarding Medical Bills

Plaintiffs' Rule 26(a)(2) disclosures state that each of their Treating Physicians will testify that "their bills for services rendered were reasonable, necessary, and related to the incident."  (ECF No. 59-1 at 2–7; ECF No. 60-1 at 3–14; ECF No. 61-1 at 2–12.)

Defendant argues that opinions from the Treating Physicians go beyond their "personal observation or treatment of the patient," and therefore opinions regarding the reasonableness and necessity of their medical bills were not formed as part of their normal occupational duties.  Therefore, the reporting requirements of Rule 26(a)(2)(B)

11

were triggered. On this basis, Defendant seeks to exclude opinions that these medical providers' medical bills were reasonable and necessary on the basis that such opinions go beyond the scope these providers' treatment of Plaintiffs and therefore require an expert report under Rule 26(a)(2). (ECF No. 59 at 7, ECF No. 60 at 8–9; ECF No. 61 at 8.)

In response, Plaintiffs assert that in cases of "certain of Plaintiff[s'] medical providers, they are the owners of their respective clinics or practices and thus set their own billing schedules." (ECF No. 67 at 5; ECF No. 68 at 4; ECF No. 69 at 4.) Thus, Plaintiffs argue that "[w]ith the proper foundation laid[,] Plaintiffs['] experts should be able to testify to whether their bills are usual and customary within the Denver medical community; thus, reasonable." (*Id.*)

In its replies, Defendant argues that Plaintiffs fail to respond to the substance of its argument that their Treating Physicians cannot give opinions regarding the reasonableness and necessity of their medical bills as non-retained experts because those opinions were not formed as part of a treating physician's normal occupational duties. (ECF No. 70 at 8; ECF No. 71 at 6; ECF No. 72 at 6.) Defendant emphasizes that in *George*, the court rejected the suggestion that a provider could testify as to the reasonableness and necessity of medical bills if a foundation is laid that the providers have knowledge of their billing practices. *See George*, 2020 WL 70424, at *5.

A non-retained treating physician's expert testimony must be limited to "his observations, diagnosis and treatment of a patient," based on "what he saw and did and why he did it." *Id.* (quoting *Kemp v. Webster*, 2012 WL 5289573, at *2 (D. Colo. Oct 26, 2012)). When the expert "go[es] beyond his personal observation or treatment of the

patient," "the witness is considered retained or employed and will be required to file a written report under Rule 26(a)(2)(B)." *Estate of Grubbs v. Weld Cnty. Sheriff's Office*, 2018 WL 8838810, at *1 (D. Colo. July 20, 2018) (citation and quotations omitted).

The Court concludes that testimony by the Treating Physicians as to the reasonableness and necessity of their medical bills goes beyond their personal observations or treatment of Plaintiffs and, as a result, such opinions are "not formed as part of a treating physician's normal occupational duties." *George*, 2020 WL 70424, at *5 (quoting *Claycomb v. Fox*, 2016 WL 6092881, at *4 (Colo. Dist. Ct. Mar. 22, 2016) ("While such opinions may be within the expertise of a treating physician, they are beyond what is necessary to provide appropriate care for an injured patient.")). Therefore, such opinions should have been disclosed in an expert report that complied with Rule 26. None of these providers did so. As a result, the Treating Physicians' opinions as to the reasonableness and necessity of these medical bills will be excluded. *See Estate of Grubbs*, 2018 WL 8838810, at *3.

**E.     Rule 37**

As to the failure to disclose expert reports concerning the aforementioned topics (particularly causation or the reasonableness of Plaintiffs' medical bills), the Court has considered the aforementioned factors outlined in *Woodworker's Supply* and finds that Plaintiffs' failure is neither substantially justified nor harmless. Plaintiffs had ample time to properly disclose the aforementioned providers, produce expert reports, and disclose the necessary information required by Rule 26. Further, because of Plaintiffs' failure to properly disclose these experts, Defendant did not have sufficient notice regarding the basis of the providers' causation and billing opinions. Thus, the exception to Rule 37 will not save these opinions for Plaintiffs.

13

### III. CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. Defendant's Motion to Strike Non-Retained Expert Testimony of Plaintiff N.M. Outside the Scope of Treatment And Not Properly Disclosed Pursuant to Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 37(c)(1) (ECF No. 59) is GRANTED to the extent set forth above;

2. Defendant's Motion to Strike Non-Retained Expert Testimony of Plaintiff Galit Masa Outside the Scope of Treatment And Not Properly Disclosed Pursuant to Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 37(c)(1) (ECF No. 60) is GRANTED to the extent set forth above; and

3. Defendant's Motion to Strike Non-Retained Expert Testimony of Plaintiff Kesem Masa Outside the Scope of Treatment And Not Properly Disclosed Pursuant to Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 37(c)(1) (ECF No. 61) is GRANTED to the extent set forth above.

Dated this 21st day of December, 2021.

BY THE COURT:

William J. Martinez
United States District Judge