IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-1279-WJM-NRN

LIOR MASA, individually and as personal representative of N.M., a minor,
GALIT MASA, individually and as personal representative of N.M., a minor, and
KESEM MASA,

    Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

## ORDER ON MOTIONS *IN LIMINE*

---

Before the Court are: (1) Plaintiffs' Motion *In Limine* ("Plaintiffs' MIL") (ECF No. 101) and Defendant's response (ECF No. 108); and (2) Defendant's Motion *In Limine* ("Defendant's MIL") (ECF No. 100) and Plaintiffs' response (ECF No. 103).

For the following reasons, Plaintiffs' MIL is granted in part and denied in part, and Defendant's MIL is granted in part and denied in part.

### I. LEGAL STANDARDS

"The admission or exclusion of evidence lies within the sound discretion of the trial court . . . ." *Robinson v. Mo. Pac. R.R.*, 16 F.3d 1083, 1086 (10th Cir. 1994); *see also United States v. Golden*, 671 F.2d 369, 371 (10th Cir. 1982) ("Trial judges have discretion to decide whether an adequate foundation has been laid for the admission of evidence.").

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any

tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action." Relevant evidence is generally admissible and should only be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

The movant "has the burden of demonstrating that the evidence is inadmissible on any relevant ground," and a court "may deny a motion *in limine* when it lacks the necessary specificity with respect to the evidence to be excluded." *Pinon Sun Condo. Ass'n v. Atain Specialty Ins. Co.*, 2020 WL 1452166, at *3 (D. Colo. Mar. 25, 2020) (quoting *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d, 1078, 1082 (D. Kan. 2000)).

## II. ANALYSIS

**A.     Plaintiffs' MIL**

### 1.    Uninsured Motorist Benefit Coverage

Plaintiffs seek to introduce evidence that they purchased an insurance policy from Defendant that included uninsured motorist ("UM") coverage in the amount of $250,000/500,000 per person/accident. (ECF No. 101-1 at 1.) They seek to introduce this evidence in their opening statement, through testimonies of Lior and/or Galit Masa, Defendant's trial representative and/or adjuster Brandon Westphal, and in closing arguments. Plaintiffs allege that Defendant has breached its contract with Plaintiffs, and in order to show a breach, they must establish the existence of a contract and its relevant terms. (ECF No. 101 at 2.)

In response, Defendant argues that Plaintiffs do not need to prove the existence

of the policy or its terms because neither is in dispute; Defendant admitted the policy was in force in its answer.  (ECF No. 108 at 2 (citing ECF No. 302 at 2 ¶ 11).)  Because Defendant admitted the policy was in force, Defendant argues that the policy does not need to be proven at trial and is irrelevant.  (*Id.*)  Thus, according to Defendant, all that remains to be determined at trial is whether Plaintiffs had injuries, damages, or losses caused by the accident and their value.  (*Id.*)  Defendant argues that neither the existence of the contract or the UM policy limits make it more or less likely that Plaintiffs suffered damages, nor does that information assist the jury in valuing damages.  (*Id.*)  Thus, Defendant contends that the UM policy limits are not relevant under Rule 401 and inadmissible under Rule 402.  (*Id.*)  Invoking Rule 403, Defendant also asserts that Plaintiffs' subjective intent and expectation about what they would receive under their policy illustrates the danger of unfair prejudice from the jury being informed of the policy limits.  (*Id.*)

Upon due consideration, the Court grants this portion of Plaintiffs' MIL.  The Court finds that the evidence of uninsured motorist benefit coverage is relevant and not unduly prejudicial to Defendant under Rule 403.

2. <u>Uninsured Status of At-Fault Driver</u>

Plaintiffs seek to introduce evidence that the underlying tortfeasor, Nikolas Peralez, caused a substantial accident (colliding with stopped vehicles while traveling approximately 45-50 mph) and was driving without liability insurance.  (ECF No. 101 at 2; ECF No. 101-2.)  They assert that this information is highly relevant to the issue of why Plaintiffs have alleged claims against Defendant, and if this evidence is excluded, Plaintiffs argue that it might lead the jury to believe that Plaintiffs received insurance proceeds from Peralez.  According to Plaintiffs, this could alter their determination of

whether or how much Defendant owes them.  (ECF No. 101 at 6.)

In response Defendant argues that the fact that Peralez was uninsured is irrelevant to the jury's determination of damages caused in the accident.  (ECF No. 108 at 3.)  Further, Defendant argues there is no reason to assume the jury will speculate about whether Peralez was insured or how much Plaintiffs received from him.

Upon due consideration, the Court grants this portion of Plaintiffs' MIL.  The Court finds that the evidence of Peralez's uninsured status is relevant and not unduly prejudicial to Defendant under Rule 403.

### 3. Collateral Source and Lien Information

Plaintiffs seek to preclude evidence of collateral sources in the form of health insurance, short term disability insurance, and medical provider liens.  Plaintiffs state that following the collision, they received medical treatment for their injuries.  They state that the vast majority of the medical expenses were covered by Lior Masa's medical insurance benefits through his employer; however, a small amount of medical expenses were obtained through provider liens.  Finally, Mr. Masa is claiming a wage loss, for which a portion was covered by his short-term disability insurance through his employer.  (ECF No. 101 at 2.)

Plaintiffs argue that evidence of medical liens is not relevant to this case.  (*Id.*) Specifically, medical liens apply to two of the medical providers in this case: Dr. Raabe and Dr. Eldridge, neither of whom will testify at trial due to time constraints.  (ECF No. 101 at 6.)  Plaintiffs argue that such evidence—without the specific providers present—will confuse the jury and that the "probative value would go towards the individual provider's bias due to the holding of a lien."  (*Id.*)  In sum, Plaintiffs argue that because these providers will not testify at trial, the prejudice to Plaintiffs outweighs its probative

4

value under Rule 403.  (*Id.*)

In Plaintiffs' MIL, they state that Defendant does not oppose the relief sought with respect to insurance coverage but does oppose to the extent the request applies to medical provider liens.  (ECF No. 101 at 1.)  Defendant confirms this statement in its response.  (ECF No. 108 at 1.)  Based on Defendant's position, this portion of Plaintiffs' MIL is denied as moot.

With respect to the evidence of medical liens, Defendant points out that for Plaintiffs to prove that they are entitled to recover those medical bills, there will need to be some testimony that the injuries treated by those providers were caused by the accident and that the treatment was reasonable and necessary.  (ECF No. 108 at 4.)  If the providers' records are admitted at trial, then their credibility is subject to attack as if they were testifying.  *See* Fed. R. Evid. 806 ("[w]hen a hearsay statement . . . has been admitted, the declarant's credibility may be attacked . . . by any evidence that would be admissible for those purposes if the declarant had testified as a witness.")

Because Dr. Raabe and Dr. Eldridge treated Plaintiffs on a lien to be satisfied from any settlement or judgment related to this accident, Defendant underscores that these providers have an incentive to relate the Plaintiffs' injuries and the treatment they provided to the accident such that it would be more likely to be awarded by a jury.  (*Id.*)  Thus, Defendant argues that this is relevant for the jury to determine the providers' credibility.  (*Id.*)  Additionally, Defendant argues that this evidence is also relevant to the Plaintiffs' credibility should they attempt to testify that they believe they were treating with these providers for injuries sustained in the accident.  (*Id.*)

The Court agrees with Defendant and finds that evidence of medical liens with

5

respect to Dr. Raabe and Dr. Eldridge's treatment of Plaintiffs is relevant under Rule 401. Additionally, this evidence should not be excluded under Rule 403 because the danger of confusing the jury does not substantially outweigh the probative value of this evidence. Plaintiffs' MIL with respect to medical liens is denied.

**B.     Defendant's MIL**

    1.     Amount of Uninsured Motorist Policy Limits

This argument is the same argument as the one analyzed above at Part II.A.1. For the reasons stated above, this portion of Defendant's MIL is denied.

    2.     Uninsured Status of At-Fault Driver

This argument is the same argument as the one analyzed above at Part II.A.2. For the reasons stated above, this portion of Defendant's MIL is denied.

    3.     *Fisher* Payments

Defendant explains that it made a "*Fisher*" payment to Lior Masa prior to litigation and to Galit Masa, Kesem Masa, and N.M. after litigation had commenced. (ECF No. 100 at 5.) The *Fisher* payments to Plaintiffs were based upon Defendant's Claim Specialist Brandon Westphal's review of Plaintiffs' medical records, the reports and opinions of State Farm's medical and biomechanical expert, and all of the other information available to Westphal. (*Id.*) Defendant states that Westphal is not an expert witness, nor has he been endorsed as one, and argues that the *Fisher* payments previously issued to Plaintiffs based upon Westphal's review are irrelevant to the jury's determination of Plaintiffs' damages and their value. (*Id.*) Defendant states that any offset needed for the *Fisher* payments could be made immediately post-trial or following a post-trial motion from State Farm. (*Id.*)

Defendant argues that any slight probative value the *Fisher* payments may have

6

would be substantially outweighed by the danger of confusing the issues, wasting time, and unfair prejudice. If the jury were to learn State Farm has made some payment to Plaintiffs it would inevitably lead to countless questions about the payments State Farm made. According to Defendant, such questions are appropriate for Galit Masa, Kesem Masa, and N.M.'s bad faith lawsuit, but not this trial. Moreover, Defendant argues that it would be unfairly prejudicial to State Farm for the jury to hear that it made *Fisher* payments to Plaintiffs, but have no context or understanding of the reasoning and basis for those payments. Thus, Defendant argues that evidence of the *Fisher* payments Plaintiffs previously received should be excluded pursuant to Rule 403.

In response, Plaintiffs state that they have no objection to precluding the specific amounts of *Fisher* payments paid to date. (ECF No. 103 at 4.) However, they argue that because such payments are for undisputed covered benefits, if the fact of *any* payment is precluded, Plaintiffs would be prejudiced by not being allowed to challenge Defendant's causation opinion. (*Id.*) They argue that the payments are an admission that there is causation for at least portions of Plaintiffs' injury claims, even though Defendant disputes causation. (*Id.*)

Upon due consideration, the Court concludes that Defendant has the better argument. Therefore, the Court grants this portion of Defendant's MIL and excludes all evidence of *Fisher* payments. In the event of a verdict for Plaintiffs, the Court will entertain an appropriate post-trial motion from Defendant to offset any damages awarded by the jury by the amount of the *Fisher* payments.

### III. CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. Plaintiffs' MIL (ECF No. 101) is GRANTED IN PART and DENIED IN PART as set forth above; and

2. Defendant's MIL (ECF No. 100) is GRANTED IN PART AND DENIED IN PART as set forth above.

Dated this 23rd day of March, 2023.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge

8